IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

ELIZABETH E. SLOAN

Plaintiff,

v.

WACHOVIA BANK, N.A.,

Defendant.

**COMPLAINT**

**BREACH OF FIDUCIARY DUTY**

COMES NOW the Plaintiff, and in support of her complaint against the Defendant, alleges and states as follows:

1.      The plaintiff is a citizen and resident of the State of Texas.  The defendant is incorporated under the laws of the State of North Carolina, having its principal place of business in the State of North Carolina.  The matter in controversy exceeds, exclusive of interest and costs, the sum specified by 28 U.S.C. §1332.

2.      The Defendant's principal place of business is in the Western District of North Carolina.

3.      On November 1, 1946, Sudie Elizabeth Ek of Buncombe County, North Carolina, entered into an Irrevocable Trust Agreement (hereinafter "the Trust") wherein she was Grantor and William Ek Partin was Trustee.  Mr. Partin was also a resident of Buncombe County.

4.      In 1987, the individual Trustee of the Trust resigned and First Union National Bank of North Carolina, through its trust officers in Asheville, North Carolina, became successor Trustee.  In 1995, First Union assigned management of the Trust to an office in Jacksonville, Florida.

5.      The plaintiff, in Article III of the Trust, is named as a beneficiary of the Trust.  The Trust calls for periodic, discretionary distributions of net income to the plaintiff during her lifetime.

6.      The plaintiff did in fact receive periodic distributions of Trust income for a number of years. .

7.      In late 1998, the plaintiff contacted the trust officer handling the Trust and advised that she no longer desired any further distributions of income from the Trust.

8.     In January of 1999, the trust officer handling the account acknowledged receipt of the plaintiff's request and advised that following a review of Trust assets by the Trustee's investment department, the Trustee was developing a new strategy for handling Trust assets.

9.     The new strategy developed by the Trustee consisted of investing primarily in mutual funds associated with the corporate Trustee.

10.     On April 1, 2002, Wachovia Bank, N.A. merged into First Union National Bank under the new bank name, Wachovia Bank National Association, (hereinafter "Wachovia").  Wachovia assumed responsibilities as Trustee of the Trust.  Wachovia has been serving as Trustee since that time.

11.     As part of its management of the Trust, Wachovia advised the plaintiff that it would consolidate Trust holdings into Evergreen Investments Mutual Funds.  The Evergreen Funds are a Wachovia affiliated entity.

12.     As it reallocated assets within the Trust, Wachovia failed to properly diversify the Trust portfolio.  The defendant's failure to properly diversify the Trust portfolio continued from 1999 through and into 2006.

13.     From 1999 and into 2006, Wachovia moved assets in and out of various Trust holdings in a fashion that was not in the best interests of the beneficiaries and was indicative of market timing by the defendant.

14.     From 1999 and into 2006, Wachovia failed to pursue a Trust investment strategy that was suitable for the plaintiff.

15.     From 1999 and into 2006, Wachovia failed to administer the Trust as a prudent person would.

16.     From 1999 and into 2006, Wachovia failed to exercise reasonable care, skill and caution in its role as Trustee of the Trust.

17.     The aforementioned actions on the part of the defendant constitute a breach of Trust and a breach of fiduciary duties and obligations.

18.     As a result of the aforementioned breaches, the value of Trust assets has been diminished by an amount in excess of $200,000.00.

19.     As a result of the aforementioned breaches, the plaintiff is entitled to recover from the defendant an amount in excess of $200,000.00.

-2-

WHEREFORE, plaintiff respectfully prays the Court as follows:

1. That the plaintiff have and recover from the defendant an amount in excess of $200,000.00;

2. That the cost of this action, including attorney's fees, be taxed against the defendant;

3. For a trial by jury as to all issues; and

4. For such other further relief as to the Court may deem just and proper.

This the 20th day of September, 2006.

VAN WINKLE, BUCK, WALL, STARNES AND DAVIS, P.A.

By: s/ Stephen J. Grabenstein
Stephen J. Grabenstein, Esq.
NC Bar #18848
Attorneys for Plaintiff
11 North Market Street
P.O. Box 7376
Asheville, North Carolina 28802
(828)258-2991
(828)258-0255 (fax)
E-mail: sgrabenstein@vwlawfirm.com

ND: 4827-2809-2417, Ver 1