# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:06cv298

| | |
|---|---|
| ELIZABETH E. SLOAN, | ) |
| Plaintiff, | ) |
| Vs. | ) ORDER |
| WACHOVIA BANK, N.A., | ) |
| Defendant. | ) |

**THIS MATTER** is before the court on defendant's Motion to Dismiss (#8). Such motion has been fully briefed. In responding to defendant's motion, plaintiff has argued that it would be more appropriate for the court to direct plaintiff to amend her Complaint in the event the court finds that the Complaint, as presented, does not provide defendant with fair notice of her claims.

Having read every page of the materials contained in this case, the court finds that the Complaint does not give defendant clear notice of the precise claims she is presenting and the statutes upon which she is relying. More specifically, at page five of plaintiff's responsive brief, she outlines in great detail two alleged violations of North Carolina's "Uniform trust Code," contending that defendant breached its statutory duty to diversify and its statutory duty to abide by the "Prudent Investor Rule." While the federal pleading rules allow for notice pleading, Fed.R.Civ.P.8(a)(2), the court finds that allegations that a trustee violated a trust are more akin to "Pleading Special Matters" under Rule 9(b). This is especially so where,

as here, plaintiff contends that the trustee supposedly engaged in self dealing. Rule 9(b) requires

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed.R.Civ.P. 9(b). The undersigned does not, however, find that Rule 9(b) should be applied to all breach of trust claims, rather, such application or quasi-application would only occur where the allegations rose from alleged misfeasance of a trustee to alleged malfeasance of a trustee. Further, it appears from defendant's well reasoned brief that it is moving to dismiss under Rule 12(b)(6) because it cannot discern with any precision exactly what claims plaintiff is making and upon what law she is relying. Clearly, a Complaint which accuses a trustee of breach of trust should provide such trustee with notice of the precise laws which were purportedly violated, the nature of the duty which was allegedly violated, and the circumstances constituting the perceived breach. See Clark v. Cameron-Brown Co., 72 F.R.D. 48 (M.D.N.C. 1976).

To that end, the court will allow plaintiff's Motion to Amend her Complaint. In amending the Complaint, plaintiff is advised that the preciseness exhibited in plaintiff's brief at page five concerning the nature of her claims should be reflected in her Amended Complaint. By allowing amendment, the Motion to Dismiss is moot as a matter of law and will not be the subject of a separate recommendation. Taylor

v. Abate, 1995 WL 362488, *2 (E.D.N.Y.1995)[1] ("Defendants' motion to dismiss is addressed solely to the original complaint.... Consequently, upon the filing of the amended complaint, their motion is mooted and, therefore, denied."); In re Colonial Ltd. Partnership Litig., 854 F.Supp. 64, 80 (D.Conn.1994) (noting where "a plaintiff amends its complaint while a motion to dismiss is pending" the court may "deny[ ] the motion as moot"); Rathke v. HCA Management Co., Inc., 1989 WL 161431, at *1 n. 1 (D.Kan.1989) (holding that "motion to dismiss ⋯ became moot when plaintiff filed an amended complaint"); Gresham v. Waffle House, Inc., 586 F.Supp. 1442, 1444 n. 1 (N.D.Ga.1984) (same). In the event the amendment does not cure the deficiencies, defendant may again move to dismiss the Amended Complaint under Rule 12(b)(6).

## ORDER

**IT IS, THEREFORE, ORDERED** that plaintiff's request for leave to file an Amended Complaint is **GRANTED,** and defendant's Motion to Dismiss (#8) is **DENIED** as moot and without prejudice as to filing a new motion in response to the Amended Complaint if necessary.

---

[1] Due to the limits of ECF, copies of unpublished decisions cited in this Order are incorporated into the court record through reference to the Westlaw citation.

Signed: January 8, 2007

Dennis L. Howell
United States Magistrate Judge